The STATE of Ohio, Appellee,

v.

DOBIES, Appellant.

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–198.

Decided Nov. 16, 2001.

Charles E. Coulson, Lake County Prosecuting Attorney, and Brian L. Summers, Assistant Prosecuting Attorney, for appellee.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

NADER, Judge.

{¶ 1}  Appellant, Daniel Dobies, appeals from the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950, Ohio's version of New Jersey's Megan's Law.

{¶ 2}  After a jury trial in October 1991, appellant was found guilty of two sexually oriented offenses involving a minor child under the age of thirteen, to wit, gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05; and kidnapping, a felony of the first degree, in violation of R.C. 2905.01. Appellant was also found guilty of forgery, a felony in the fourth degree, in violation of R.C. 2913.31.

{¶ 3}  Subsequently, the trial court sentenced appellant to definite terms of two years on the count of gross sexual imposition and eighteen months on the count of forgery, while an indefinite term of ten to twenty-five years was imposed for the charge of kidnapping. The sentences were to be served consecutively to each other and consecutively to the sentence imposed in case No. 91–CR–000206.

{¶ 4}  After successfully appealing his conviction of three counts of rape and two counts of attempted rape involving minor children in case No. 91–CR–000206, appellant was entitled to a new trial. *State v. Dobies* (Dec. 18, 1992), Lake App. No. 91–L–123, 1992 WL 387356. Nevertheless, he pled guilty to attempted rape

in August 1993 and was sentenced to an indefinite term of eight to fifteen years of incarceration.[1]

{¶ 5} In anticipation of the sexual predator hearing, appellant filed a motion for public payment of an expert to complete a psychiatric evaluation or, in the alternative, a motion for a psychiatric evaluation by the Lake County Probation Department psychologist. While the trial court never expressly ruled upon appellant's motion, it is presumed that the court overruled this motion. *Karlen v. Carfangia* (June 2, 2001), Trumbull App. No. 2000–T–0081, 2001 WL 589381.

{¶ 6} In a judgment entry dated November 24, 1999, the trial court adjudicated appellant to be a sexual predator. From this judgment appellant appeals, advancing the following assignments of error for our consideration:

{¶ 7} "[1.] The trial court erred to the prejudice of the defendant-appellant when it denied him the opportunity to be evaluated by a psychologist in preparation for the sexual predator hearing.

{¶ 8} "[2.] The trial court committed reversible error when it failed to hold that R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because the defendant-appellant's fundamental rights have been impaired.

{¶ 9} "[3.] The trial court committed reversible error when it failed to hold that R.C. 2950.09(C) is unconstitutionally vague, thus denying the defendant-appellant due process of the law.

{¶ 10} "[4.] The trial court committed reversible error when it failed to hold that R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.

{¶ 11} "[5.] The trial court committed reversible error when it failed to hold that R.C. 2950.09 is an unconstitutional exercise of Ohio's police powers which unreasonably interferes with the defendant-appellant's civil liberties and private rights and is unduly oppressive, in violation of Section 1, Article I of the Ohio Constitution.

{¶ 12} "[6.] The trial court committed reversible error by holding that R.C. 2950.09(C) was not violative of the Ex Post Facto Clause of the United States Constitution.

---

1. Both appellant and the state concede to these facts. Further, this information is reflected in the presentence report, which was prepared in 1993 and admitted into evidence as a state's exhibit at the sexual predator hearing.

{¶ 13} "[7.] The trial court committed reversible error when it failed to hold that R.C. 2950.09(C) is unconstitutional on the basis of Double Jeopardy."[2]

{¶ 14} In the first assignment of error, appellant maintains that the trial court's decision to deny his motion for public payment of an expert to conduct a psychiatric evaluation denied him the opportunity to present any evidence of his current mental status.

{¶ 15} In *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881, syllabus, the Supreme Court of Ohio recently declared that "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are *reasonably necessary* to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." (Emphasis added.)

{¶ 16} As to this point, appellant posits that he met the burden of reasonable necessity. According to appellant, the only psychiatric evaluation conducted was in 1993 and was a drug and alcohol assessment, not a sexual offender evaluation. By failing to order an updated evaluation, appellant claims that the trial court eliminated his ability to present any evidence as to his *current* mental state.

{¶ 17} Appellant urges that the psychiatric evaluation was crucial to the trial court determining his risk of recidivism. We agree. Given that the only psychiatric evaluation was conducted six years before the sexual predator hearing was held, an updated psychiatric evaluation was reasonably necessary to aid the trial court in determining the likelihood of recidivism. Further, this six-year-old psychiatric evaluation presented to the trial court was a drug and alcohol assessment, not a sexual offender evaluation. Therefore, we hold that the trial court abused its discretion in denying appellant's motion for a psychiatric evaluation. On remand, the trial court must determine whether public funds should be provided to appellant for the psychiatric evaluation or whether the Lake County Probation Department should conduct the psychiatric evaluation.

{¶ 18} In the remaining assignments of error, appellant raises six different challenges to the constitutionality of R.C. 2950.09. For the reasons set forth below, we reject each of appellant's constitutional challenges.

{¶ 19} Under the second assignment of error, appellant argues that there exists no rational basis for the classification. According to appellant, the statute is simply an arbitrary and capricious attempt to further punish sex offenders as a

---

2. As an aside, we note that appellant does not claim that there was insufficient evidence to support the trial court's sexual predator determination or that the decision was against the manifest weight of the evidence. As such, we will limit our analysis accordingly.

"get tough" measure and impinges upon the fundamental rights to liberty and privacy.

{¶ 20} In *State v. Williams* (2000), 88 Ohio St.3d 513, 531, 728 N.E.2d 342, the Supreme Court of Ohio held that "[b]ecause neither a suspect class nor a fundamental constitutional right is implicated by the provisions of R.C. Chapter 2950, a rational basis analysis is appropriate." In applying the rational basis test, this court determined that the legislature had a legitimate state interest when it enacted Ohio's sexual predator statute:

■ {¶ 21} "R.C. Chapter 2950 does not offend substantive due process and equal protection as the statute is rationally related to a legitimate state interest, and there exist reasonable grounds for distinguishing between sexual predators and other offenders. * * * The legislature declared that its intent was to 'protect the safety and general welfare of the people of this state.' R.C. 2950.02(B). Assuring public protection from sex offenses is a legitimate state interest. * * * Further, the legislature has concluded that sex offenders pose a high risk of recidivism and that the registration and notification requirements 'clearly advance the legislature's stated goal of protecting the public.' * * * Because reasonable grounds exist for distinguishing between sexual predators and other offenders, R.C. Chapter 2950 does not violate the * * * Due Process Claus[e]." (Citations omitted.) *State v. Randall* (2001), 141 Ohio App.3d 160, 163, 750 N.E.2d 615.

{¶ 22} Therefore, in accordance with the foregoing, appellant's second assignment of error is without merit.

{¶ 23} With respect to the third assignment of error, appellant argues that R.C. 2950.09(C) is unconstitutionally vague because it fails to provide specific guidance as to who bears the burden of proof and as to how strong a showing is required for an individual to be adjudicated a sexual predator.

■■ {¶ 24} When the Supreme Court was faced with this precise argument in *Williams*, the court concluded that there is "nothing impermissibly vague about the use of the clear and convincing standard in R.C. Chapter 2950." Id. at 533, 728 N.E.2d 342. Although the general language of R.C. Chapter 2950 is broad, and the guiding factors may have been broadly worded, "a certain level of broadness in the language of R.C. Chapter 2950 allows for individualized assessment rather than an across-the-board rule." Id. at 534, 728 N.E.2d 342. Accordingly, appellant's third assignment of error lacks merit.

■ {¶ 25} The fourth assignment of error contends that R.C. 2950.09(C) amounts to cruel and unusual punishment as traditionally registration requirements have been viewed as punitive in nature.

{¶ 26} In *Randall,* we summarized the Supreme Court's position on this issue:

{¶ 27} "In *State v. Cook* (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570, 585–586, the Supreme Court held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature. Rather, these provisions serve the remedial purpose of ensuring public safety. Thus, absent any punishment, the protections against cruel and unusual punishment are not triggered." (Citations omitted.) *Randall* at 164, 750 N.E.2d 615.

{¶ 28} Pursuant to the foregoing, the fourth assignment of error is meritless.

{¶ 29} In the fifth assignment of error, appellant argues that R.C. 2950.09 is an unconstitutional exercise of police power because it unreasonably encroaches upon civil liberties, privacy rights, and violates Section 1, Article I of the Ohio Constitution.

{¶ 30} In *Williams,* the Supreme Court of Ohio rejected this constitutional challenge and held that R.C. Chapter 2950 did not violate the rights enumerated in Section 1, Article I of the Ohio Constitution. Id. at 527, 728 N.E.2d 342. Although the statute impacts a convicted sex offender's life, the Supreme Court found the statute to be reasonable because it addresses "legitimate governmental interests without a detrimental effect on individual constitutional rights." Id. at 525, 728 N.E.2d 342. The statute does not infringe on a sex offender's right to privacy because such a right encompasses only *personal information,* and the information distributed as part of the notification provisions is already considered to be *public record.* Id. at 526, 728 N.E.2d 342. Further, the right to acquire or protect property, the right to pursue an occupation, and the right to a favorable reputation are not violated by the statute. Id. at 526–527, 728 N.E.2d 342. Appellant's fifth assignment of error lacks merit.

{¶ 31} Under the sixth assignment of error, appellant submits that R.C. 2950.09 violates the constitutional prohibition against ex post facto laws. In *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, paragraphs one and two of the syllabus, the Supreme Court of Ohio held that R.C. Chapter 2950 is not a violation of either the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. Appellant's sixth assignment of error is without merit.

{¶ 32} In the seventh and final assignment of error, appellant suggests that R.C. 2950.09(C) is unconstitutional because it violates his right to be free from double jeopardy. According to appellant, the sexual predator determination constitutes additional punishment that the offender receives well after the commission and sentencing for his offense.

{¶ 33}   Again, the Supreme Court has considered this issue and found to the contrary.   In *Williams,* the court cited *Cook,* supra, for the proposition that "R.C. Chapter 2950 is neither 'criminal,' nor a statute that inflicts punishment[.]"   *Williams* at 528, 728 N.E.2d 342.   Ergo, "[the statute] does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions."   Id. at 528, 728 N.E.2d 342.   Thus, appellant's seventh assignment of error is without merit.

{¶ 34}   Based on the foregoing analysis, appellant's first assignment of error is meritorious while the remaining assignments of error are overruled.   Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.

> Judgment reversed in part
> and cause remanded.

WILLIAM M. O'NEILL, P.J., concurs.

CHRISTLEY, J., dissents.

CHRISTLEY, Judge, dissenting.

{¶ 35}   For the reasons that follow, I respectfully dissent from that portion of the majority opinion that concludes that an updated psychiatric evaluation was reasonably necessary to aid the trial court in determining the likelihood of recidivism on the part of appellant to engage in a sexually oriented offense in the future.

{¶ 36}   In *State v. Eppinger* (2001), 91 Ohio St.3d 158, 162, 743 N.E.2d 881, the Supreme Court of Ohio had an opportunity to weigh in on the issue of appointing an expert for an indigent defendant for use at a sexual predator hearing:

{¶ 37}   "In some instances, offenders will have several sexually oriented convictions, or will clearly fit a variety of the factors listed in R.C. 2950.09(B)(2)(a) through (j).   *An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism.   There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C. 2950.09(B)(2) factors as they relate to the likelihood of reoffending.   In those situations, appointment of an expert for an indigent offender may be unwarranted.*   But a person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses.   *One sexually oriented offense is not a clear predictor of whether that*

*person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile.* Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." (Emphasis added.)

{¶ 38} Accordingly, the Supreme Court held that "[a]n expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are *reasonably necessary* to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." (Emphasis added.) *Eppinger* at syllabus.

{¶ 39} Here, after applying *Eppinger,* the majority determined that a psychiatric evaluation was reasonably necessary to aid the trial court in determining appellant's risk of recidivism because the only psychiatric evaluation presented to the trial court was six years old and was a drug and alcohol assessment, not a sexual offender evaluation. It is this point on which I disagree with the majority.

{¶ 40} In the instant matter, appellant was convicted of *two* sexually oriented offenses against a *minor child,* to wit, gross sexual imposition and kidnapping. Additionally, in a separate case, appellant pled guilty to *attempted rape* of a *minor child* involving his girlfriend's daughter. Further, the presentence investigation report confirmed that appellant was "under investigation for possible physical and sexual abuse" of his girlfriend's minor son. However, because the child denied the claims, "the abuse was unsubstantiated and no formal charges were brought against [appellant]." Nevertheless, the mother was ordered "not [t]o associate or provide information to [appellant] regarding [her son] and that [appellant] was to have no contact with [the child]." In short, the presentence investigation report and appellant's prior criminal history indicate that he has been convicted of *three* sexually oriented offenses involving *minor children.*

{¶ 41} In contrast, the defendant in *Eppinger* had been convicted of only *one* sexually oriented offense. From this, the Supreme Court of Ohio concluded that a psychiatric or psychological expert "was reasonably necessary to aid in determining whether the defendant is likely to engage in one or more sexually oriented offenses in the future." *Eppinger* at 163, 743 N.E.2d 881.

{¶ 42} Given that appellant has a history of committing sexually oriented offenses against minor children, this is not a case where a psychiatric evaluation was reasonably necessary to aid the trial court in determining the likelihood of recidivism. See, e.g., *State v. Ingram* (May 11, 2001), Hamilton App. No. C–000718, 2001 WL 497095, at *1 (holding that a psychiatric evaluation was not reasonably necessary when the defendant had been convicted of more than one sexually oriented offense).

{¶ 43} Therefore, under the circumstances presented in this case, I would hold that the trial court did not abuse its discretion in denying appellant's motion for the appointment of a psychiatric expert. The presentence investigation report and appellant's prior criminal record dictate that appellant has a history of preying on minor children. As the Supreme Court recognized in *Eppinger*, "*An offender who preys on children* * * * may fit the pedophile profile, a class of sex offenders known for their especially *high rate of recidivism*." (Emphasis added.) Id. at 162, 743 N.E.2d 881.

{¶ 44} Certainly, there could be instances where a sex offender may be entitled to a psychiatric evaluation if, in accordance with *Eppinger*, he/she demonstrates that such an evaluation is reasonably necessary to determine the likelihood of recidivism. However, under the facts presented in this particular case, I believe that appellant has failed to meet the burden of reasonable necessity.

{¶ 45} For these reasons, I disagree with the majority's treatment of the first assignment of error. Instead, I would hold that a psychiatric evaluation was not reasonably necessary, because the record contained sufficient evidence relating to the likelihood of appellant's reoffending.