OPINION
{¶ 1} Appellant, Charles Martin ("Martin"), appeals from the judgment of the Portage County Common Pleas Court, which found him to be a sexual predator as defined in R.C. 2950.01(E)(1). We reverse.
 {¶ 2} Martin pled guilty to two counts of attempted gross sexual imposition under R.C. 2907.05(A)(4) and (B) and 2923.02. The conduct underlying this plea involved Martin's eight and nine year old nieces.
 {¶ 3} After a hearing conducted pursuant to R.C. 2950.09 the trial court adjudicated Martin a sexual predator. Martin appeals raising one assignment of error:
 {¶ 4} "The trial court erred in finding the appellant to be a sexual predator pursuant to Ohio Revised Code Section 2950.09 as there were insufficient findings to warrant the designation." We agree with appellant's contention and reverse the trial court's judgment.
 {¶ 5} For an offender to be adjudicated a sexual predator, the trial court must find, by clear and convincing evidence, that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). See, also, State v. Eppinger (2001),91 Ohio St.3d 158, 163.
 {¶ 6} The trial court must consider the factors set forth in R.C.2950.09(B)(2), but has discretion to determine the weight, if any, given to each guideline. State v. Thompson (2001), 92 Ohio St.3d 584, paragraph one of the syllabus. These factors are: the offender's age; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. Former R.C. 2950.09(B)(2).
 {¶ 7} In reaching its decision, the trial court, "should discuss on the record the particular evidence and factors upon which it relie [d] in making its determination regarding the likelihood of recidivism."Eppinger, (2001), at 166. See, also, Thompson, at 588.
 {¶ 8} In State v. Randall (2001), 141 Ohio App.3d 160, we stated:
 {¶ 9} "Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry." (Internal citations omitted.) Id. at 165-66.
 {¶ 10} When reviewing a sexual predator adjudication, we must examine the record and determine whether the trier of fact had before it sufficient evidence to satisfy the burden of proof. State v. Stillman
(Dec. 22, 2000), 11th Dist. No. 2000-L-015, 2000 Ohio App. LEXIS 6106, 3, citing, State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 11} In the instant case, Martin does not challenge the trial court's finding that he has been convicted of a sexually oriented offense. He challenges the second prong of the test, i.e., the trial court's determination that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 12} In the instant case, the record of the hearing and the judgment entry are bereft of any substantive analysis. The trial court does not discuss the factors it considered or the weight given the evidence presented. The trial court simply states that, "In considering the victims and considering the factors set forth in Revised Code2950.09(B)(2) the Court would find that there is a likelihood that [Martin] could engage in future sexually oriented offenses." The judgment entry fails to remedy this defect. The judgment entry is a form entry that contributes to the lack of adequate analysis by the trial court. It is not enough for the trial court to state that it has considered the factors, there must be some substantive analysis to allow for meaningful appellate review. Randall at 165-66; see, also, State v. Langston, 11th Dist. No. 2002-P-0041, 2003-Ohio-2542, ¶ 28 (stating: "The written judgment entry, * * * contains a paragraph that states that the court considered all of the factors in R.C. 2950.09(B) followed by a paragraph that was checked off to indicate that `[t]here IS CLEAR AND CONVINCING EVIDENCE THAT the Defendant is a Sexual Predator.' This judgment entry does not contain the type of incisive analysis necessary for an appellate court to conduct a meaningful review. * * * the court must clearly set forth its factual findings in support of its ultimate conclusion. * * *.)
 {¶ 13} Further the trial court found, "that there is a likelihood that [Martin] could engage in future sexually oriented offenses." (Emphasis added.) This finding is insufficient as a matter of law to support the trial court's judgment. R.C. 2950.01(E) requires that the trial court find that the offender is "likely to engage in the future in one or more sexually oriented offenses." The use of the words "likely to" connotes more than the mere possibility as does the use of the word "could." It is not enough that the trial court find that the offender could engage in such conduct. The court must find by clear and convincing evidence that it is likely that the offender will engage in such conduct.
 {¶ 14} Therefore, the judgment of the Portage County Court of Common Pleas is reversed and this matter is remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., and WILLIAM M. O'NEILL, J., concur.