OPINION
{¶ 1} David Lockney ("Lockney") appeals the July 17, 2002 judgment entry of the Trumbull County Court of Common Pleas designating Lockney as a sexual predator. For the reasons stated below, we affirm the decision of the trial court in this matter.
 {¶ 2} On July 23, 1987, Lockney pleaded guilty to four counts of rape and one count of attempted rape stemming from his repeated sexual abuse of his seven year old daughter. Lockney was sentenced to four life sentences for each of the rape convictions and to seven to twenty-five years on the attempted rape conviction, all to be served concurrently.
 {¶ 3} In 2001, the Department of Rehabilitation and Corrections recommended that Lockney be considered for a sexual designation. A sexual designation hearing was held on July 17, 2002. The state proffered the testimony of Lockney's victim, Jennifer Lockney ("Jennifer"), Barbara Barshney ("Barshney"), Mary Jane Julian ("Julian"), and Dr. Wilfred Dodgson, ("Dr. Dodgson"). Jennifer testified that the abuse occurred "all the time," that Lockney threatened to beat her in order to keep her silent, that she would cry during the abuse and plead with Lockney to stop, and that Lockney would tell her that he was sorry but he "had" to do this to her. Barshney, Jennifer's aunt, testified that she examined Jennifer after Jennifer had complained of pain and discovered signs of abuse. Barshney further testified that she told Lockney that Jennifer needed to be taken to the hospital, but he refused to do so. Dr. Dodgson, Jennifer's treating physician, testified that the sexual abuse was so extensive and was causing Jennifer so much pain that, in order to examine Jennifer, he had to administer anesthesia to her. He also testified that the sexual abuse resulted in Jennifer contracting herpes and Chlamydia, with herpes lesions in Jennifer's vaginal/anal region, as well as in her mouth. Julian, the assigned social worker, testified that Lockney admitted the sexual abuse to her and that Jennifer was hospitalized for 16 days as a result of the abuse.
 {¶ 4} Lockney did not proffer any testimony, but did introduce various certificates of completion regarding programs he has completed while imprisoned. Lockney also introduced a 2001 report issued by the Department of Rehabilitation and Correction documenting the recidivism rates for sex offenders.
 {¶ 5} At the conclusion of the hearing, the trial court found that the state proved by clear and convincing evidence that Lockney qualified as a sexual predator. In support of its finding, the trial court cited to the age of the victim, the demonstrated pattern of abuse, the nature of the abuse, and the extreme cruelty displayed.
 {¶ 6} Lockney timely appealed and raises the following assignments of error:
 {¶ 7} "[1.] The appellant's classification as a `sexual predator' is against the manifest weight of the evidence.
 {¶ 8} "[2.] H.B. 180 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution.
 {¶ 9} "[3.] Application of the `clear and convincing evidence' standard in H.B. 180 violates equal protection, guaranteed by the Fourteenth Amendment to the United States Constitution, and due process, guaranteed by the Fifth andFourteenth Amendments to the United States Constitution.
 {¶ 10} "[4.] H.B. 180 is void for vagueness since it compels a court to make a preponderance determination based upon clear and convincing evidence.
 {¶ 11} "[5.] H.B. 180 is an unconstitutional bill of attainder.
 {¶ 12} "[6.] H.B. 180, as applied to appellee [sic], constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution."
 {¶ 13} In his first assignment of error, Lockney argues that the trial court failed to consider all of the factors enumerated in R.C. 2950.09(B)(2). Lockney also claims that the sexual predator designation was imposed based on the offense itself.
 {¶ 14} When examining a trial court's sexual predator designation, we must determine whether the designation was against the manifest weight of the evidence. State v. Yodice,
11th Dist. No. 2001-L-155, 2002-Ohio-7344, at ¶ 11 (citation omitted). In reviewing a manifest weight argument, the trialcourt's "determination of credibility of testimony and evidencemust not be encroached upon by a reviewing tribunal * * *."Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,81. In other words, there is a presumption that the findings offact as determined by the trier of fact are correct. State exrel. Pizza v. Strope (1990), 54 Ohio St.3d 41, 46 (citation omitted). Thus, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 280.
 {¶ 15} "[I]n order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of [or pleaded guilty to] a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses."State v. Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247, citing R.C. 2950.01(E) and 2950.09(B)(3) (emphasis sic).
 {¶ 16} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:" (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether there were multiple victims; (5) whether drugs or alcohol were used to impair the victim; (6) whether the offender participated in available programs for sexual offenders; (7) whether the offender suffers from a mental illness of disability; (8) the nature of the sexual conduct and whether it was part of a pattern of abuse; (9) whether the offender displayed cruelty or threatened cruelty; and (10) any additional behavioral characteristics. R.C.2950.09(B)(3). "[S]ince past behavior is often an important indicator of future propensity," State v. Maye (1998),129 Ohio App.3d 165, 173, the trial court "may consider the facts of the underlying crime as a basis for a sexual predator determination."State v. Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, at ¶ 32, citing Eppinger, 91 Ohio St.3d at 167.
 {¶ 17} An offender may be designated a sexual predator "even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." Yodice,
2002-Ohio-7344, at ¶ 13 (citation omitted). Clear and convincing evidence is that measure or proof "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. It is more than a preponderance of the evidence, but it is not to the level of proof beyond a reasonable doubt. Id.
 {¶ 18} In designating Lockney a sexual predator, the court specifically stated that it considered all the factors contained in R.C. 2950.09(B)(2). Moreover, "[a]s a reviewing court, we can assume that the trial court considered all competent, credible evidence in the record and also applied all relevant statutory requirements in reaching its decision." Waggoner v. Waggoner
(1996), 111 Ohio App.3d 1, 6, citing Sayre v. Hoelzle-Sayre
(1994), 100 Ohio App.3d 203, 212. Although Lockney's completion of the various programs in prison was a relevant factor for the trial court to consider, the trial court "has discretion to determine what weight, if any, [it] will assign to each guideline." State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288, paragraph one of the syllabus.
 {¶ 19} Based upon the evidence proffered at the hearing, we find that there was competent and credible evidence to support the trial court's designation of Lockney as a sexual predator. See Eppinger, 91 Ohio St.3d at 162 ("An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C.2950.09(B)(2) factors as they relate to the likelihood of re-offending [that an expert report would not be necessary].").[1] Jennifer was seven at the time of the abuse. There existed a clear demonstrated pattern of abuse. Extreme cruelty was displayed in the abuse as demonstrated by the physical damage inflicted, the failure to seek treatment even when requested by another party, as well as Lockney's threats in an attempt to keep Jennifer silent about the abuse. Finally, the nature of the sexual abuse was extremely atrocious, a father repeatedly sexually abusing his seven year old daughter, telling her he "had" to do it, threatening to beat her if she informed anyone, refusing to take her to the hospital when it was evident the abuse was causing serious physical damage, and infecting her with two sexually transmitted diseases. Thus, we cannot find Lockney's designation as a sexual predator was against the manifest weight of the evidence.[2] See State v. Balaban,
11th Dist. No. 98-L-215, 2001-Ohio-4325, 2001 Ohio App. LEXIS 4292, at *11-*15 (wherein this court upheld the trial court's sexual predator designation, which the trial court based upon evidence regarding a pattern of abuse of a 10 year old girl by her father, for which the father was convicted 14 years prior to the sexual predator hearing, even though the state did not proffer a current psychological report and even though the appellant, without success, requested such an expert prior to the sexual predator hearing);[3] State v. Ingram (May 11, 2001), 1st Dist. No. C-000718, 2001 Ohio App. LEXIS 2090, at *3-*7 (although the appellant successfully completed various programs while incarcerated and although the state did not proffer a current psychiatric evaluation at the hearing, which occurred 14 years after the appellant's conviction, there was sufficient evidence before the trial court to designate the appellant as a sexual predator); State v. Griffin (2000),140 Ohio App.3d 433, 441 ("[S]exual conduct of a violent and bizarre nature on the part of an offender, the exhibition of extreme cruelty in the commission of a sexual offense and a documented pattern of abuse and other aberrant behavioral characteristics correlated with an increased likelihood that an offender will engage in the future in one or more sexually related offenses. These characteristics are evidence of an increased likelihood of recidivism.").
 {¶ 20} Lockney's first assignment of error has no merit.
 {¶ 21} In assignments of error two through six, Lockney makes various arguments regarding the constitutionality of the sexual predator designation statute. Lockney argues that H.B. 180 violates the equal protection clause; that application of the clear and convincing evidence standard violates equal protection and due process; that H.B. 180 is void for vagueness; that H.B. 180 is an unconstitutional bill of attainder; and that H.B. 180, as applied to Lockney, constitutes double jeopardy. Since the Ohio Supreme Court has addressed each of these arguments inState v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428, for purposes of judicial economy, all of the these arguments will be addressed together.
 {¶ 22} "Because neither a suspect class nor a fundamental constitutional right is implicated [by the sexual predator provision], a rational basis analysis is appropriate." Id. at 531 (citation omitted). Under a rational basis analysis, this statute survives an equal protection challenge. Id. Likewise, a constitutional challenge regarding the clear and convincing evidence standard must fail because a sexual predator classification is not punitive. Id. at 532.
 {¶ 23} "By writing the statutory language to accommodate for individualized assessments, the General Assembly has not rendered R.C. Chapter 2950 unconstitutionally vague." Id. at 534. Since the sexual predator statute is not sufficiently specific and since it does not inflict punishment without a judicial trial, the statute is not an unconstitutional bill of attainder. Id. at 529. Finally, since the sexual predator statute is "neither `criminal,' nor a statute that inflicts punishment," it does not violate double jeopardy. Id. at 528.
 {¶ 24} Based on the Ohio Supreme Court's decision inWilliams, each of Lockney's constitutional arguments must fail. Thus, Lockney's second, third, fourth, fifth, and sixth assignments of error are without merit.
 {¶ 25} For the foregoing reasons, we hold that Lockney's assignments of error are without merit. The decision of the Trumbull County Court of Common Pleas is affirmed.
Judgment affirmed.
ROBERT A. NADER, J., retired of the Eleventh Appellate District, sitting by assignment, concurs in judgment only.
JUDITH A. CHRISTLEY, J., dissents with a dissenting opinion.
[1] The dissent argues that the state failed to meet its burden of demonstrating Lockney's current likelihood of recidivism and that, in this case, an expert report was reasonably necessary to do so. In so arguing, the dissent cites to State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247. The facts of Eppinger are clearly distinguishable. In finding that a psychological report was reasonably necessary in determining the offender's likelihood of re-offending, the court in Eppinger stated, "One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses." 91 Ohio St.3d at 162 (emphasis added); see, also, State v. Dobies, 147 Ohio App.3d 568, 575-577, 2001-Ohio-8823 (Christley, J., dissenting) (in distinguishingEppinger and arguing to uphold the sexual predator designation, the dissent relied on the fact that, although the state did not proffer a psychological report regarding the offender's likelihood of recidivism, the offender had been "convicted ofthree sexually oriented offenses involving minor children") (emphasis sic). In this case, similar to Dobies, Lockney was convicted of more than one sexually oriented offense. In fact, Lockney was convicted of five sexually oriented offenses of a minor. Thus, unlike Eppinger, given Lockney's "history of committing sexually oriented offenses against minor children, this is not a case where a psychiatric evaluation was reasonably necessary to aid the trial court in determining the likelihood of recidivism." Dobies, 147 Ohio App.3d at 576 (Christley, J., dissenting), citing State v. Ingram (May 11, 2001), 1st Dist. No. C-000718, 2001 Ohio App. LEXIS 2090.
[2] In reaching her conclusion that Lockney is not likely to re-offend, the dissent heavily relies on her calculation that Lockney only represents a 3.7 percent likelihood of sex-related recidivism. It must be remembered, however, that "a given set of statistics can be manipulated or presented * * * in such a way as to prove almost any desired point." Badillo v. Dallas Cty.Community Action Committee, Inc. (N.D. Tex. 1975), 394 F. Supp. 694,707; EEOC v. Texas Instruments Inc. (C.A. 5, 1996),100 F.3d 1173, 1185 (citation omitted) ("statistics are easily manipulated and may be deceptive"). Thus, courts must be cautious in relying on statistics. This is especially true in this case where the report to which the dissent cites cautions that "[d]ue to the very nature of these crimes, sex offenses are unreported' and, thus, "there is no simple way to measure precisely how much sexual re-offending occurs." Ohio Department of Rehabilitation and Correction, Ten-Year Recidivism Follow-Up of 1989 Sex Offender Releases, 2001.
[3] The facts of Balaban are directly on point with the facts of this case. In both cases, a sexual predator hearing was conducted more than 10 years after the offender was convicted of multiple sexually oriented offenses. The victims in both cases were minor children that were sexually abused by their respective fathers. The offenders in both cases demonstrated a pattern of abuse and displayed cruelty by threatening their respective victims. Finally, in both cases, since the state did not proffer a psychological evaluation, although the offender in Balaban
requested an expert, the trial courts based the sexual predator designation on the underlying facts of the crimes. See State v.Balaban, 11th Dist. No. 98-L-215, 2001-Ohio-4325, 2001 Ohio App. LEXIS 4292, at *11-*15. By concurring in the Balaban opinion, the dissenting judge in this case found the above facts sufficient to uphold the sexual predator designation. The facts of this case provide even more support for Lockney's sexual predator designation than the facts of Balaban. In this case, Lockney not only infected his daughter with two sexually transmitted diseases, he refused to seek medical assistance for her, even after it became apparent that the sexual abuse was causing Jennifer severe physical damage.