{¶ 26} I must respectfully dissent. I do not believe the state has satisfied its burden to demonstrate, by clear and convincing evidence, that appellant was currently likely to reoffend. Clear and convincing evidence is "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Schiebel (1990), 55 Ohio St.3d 71, 74.
 {¶ 27} Indeed, as the majority stated, a trial court "may consider the facts of the underlying crime as a basis for a sexual predator determination." (Emphasis added.) State v.Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, at ¶ 32, citing State v. Eppinger, 91 Ohio St.3d 158, 167,2001-Ohio-247. However, Eppinger does not stand for the proposition that the underlying crime may be used as the sole
basis for a sexual predator determination. Eppinger at 167;Cathcart at ¶ 32. I believe the majority's reliance onEppinger is misplaced, and the majority overlooks essential points of law outlined in R.C. 2950.09, Eppinger, and other cases.
 {¶ 28} In Eppinger, the Supreme Court of Ohio stated although any "sexually-oriented offense is reprehensible and does great damage to the life of the victim, [sexual predator determinations are] not meant to punish a defendant, but instead, `to protect the safety and general welfare of the people of this state.'" Id. at 165, quoting R.C. 2950.09(B). This rationale provides the primary basis for the requirement in R.C. 2950.09
that the state must prove not only that a defendant has been convicted of a sexually-oriented offense but also that the defendant is likely to engage in the future in one or more sexually-oriented offenses.
 {¶ 29} A psychiatric or psychological expert report or testimony may in some cases be reasonably necessary to determine whether a defendant who has been convicted of a sexually-oriented offense is likely to reoffend. Eppinger at 166. According toEppinger, this need can arise when a defendant has been convicted of just one sexually-oriented offense. Id.
 {¶ 30} In Eppinger, the defendant was convicted in 1988 of two counts of rape, one count of kidnapping, and one count of assault; the trial court merged one of the rape counts with the kidnapping count. No presentence report was completed. Nine years later, in 1997, the Ohio Department of Rehabilitation and Correction recommended to the trial court that the defendant be adjudicated a sexual predator. Prior to the hearing, appellant filed a motion for a psychological/psychiatric expert. The trial court denied the motion and subsequently found him to be a sexual predator.
 {¶ 31} In Eppinger, the Court determined that "an expert witness shall be provided to an indigent defendant at [a] * * * sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses * * *." Id. at 162. Because the defendant had been convicted of only one sexually-oriented offense, the Court determined that a psychiatric report was reasonably necessary to predict his likelihood to reoffend. Eppinger at 163.
 {¶ 32} Further, in State v. Dobies, this court specifically determined that a psychiatric evaluation was crucial to a trial court's determination of a defendant's risk of recidivism when the only psychiatric evaluation was conducted six years before the sexual predator hearing and was essentially a substance abuse assessment. 147 Ohio App.3d 568, 572, 2001-Ohio-8823.
 {¶ 33} The trial court in this matter did not err by failing to order a psychiatric evaluation because no party requested such an evaluation. However, evidence demonstrating appellant'scurrent likelihood of recidivism was crucial for the state to satisfy its burden of proof. Appellant's offenses occurred at least fifteen years prior to the sexual offender hearing, as appellant pleaded guilty to four counts of rape and one count of attempted rape on July 23, 1987, and his hearing was held on July 17, 2002.
 {¶ 34} The state presented old evidence related to the crimes themselves and presented no current evidence at the 2002 hearing demonstrating that, at that time, appellant was likely to reoffend. On the other hand, appellant presented evidence that he had completed a substance abuse program, a parenting program, and two sexual offender courses while in prison. The first sexual offender course involved thirty hours of class, lecture, and discussion, while the second sexual offender program involved an additional 65 hours of the same. Completion of these courses should weigh in favor of appellant's rehabilitation. See, e.g.,State v. Maddox, 11th Dist. Nos. 2001-G-2329 and 2001-G-2330, 2002-Ohio-1168, 2002 Ohio App. LEXIS 1202, at 13, (Completion of sexual offender programs points towards a defendant's prison time being constructive and meaningful.); State v. Kunsman, 11th Dist. No. 2001-L-073, 2002-Ohio-4700, (noting that a defendant's failure to complete a sexual offender program while in prison weighs against his rehabilitation).
 {¶ 35} Appellant also admitted, without objection, a study examining the rate of recidivism among paroled sex offenders. Ohio Department of Rehabilitation and Correction, Ten-YearRecidivism Follow-Up of 1989 Sex Offender Releases, 2001. The study examined data from 14,261 offenders released from Ohio prisons in 1989 and followed them for ten years. According to the data, the ten-year sexual recidivism rate for sexual offenders was 11 percent. However, it is important to note that sexual offenders who victimized relatives were only 7.4 percent likely to sexually reoffend within ten years after parole. The report further suggests that paroled sex offenders who participated in one sexual offender class have less than half the sexual recidivism rate as those without programming.
 {¶ 36} The state attempts to argue in its appellate brief that appellant had a 33.9 percent chance of recidivism. Such a statement misconstrues the study. The average recidivism rate among all classes of sexual offenders who had received programming is 33.9 percent, and that is the likelihood they will commit any crime in the future. This 33.9 percent does not take into account significant differences in recidivism rates among different classes of sexual offenders, nor does it differentiate sex-related recidivism from non-sex-related recidivism. A careful review of the data reveals that appellant, who had victimized relatives and completed two sexual offender courses while in prison, had an approximate 3.7 percent likelihood of sex-related recidivism.
 {¶ 37} Despite appellant's evidence, and the state's lack of evidence, the majority concludes that competent and credible evidence supported the trial court's designation of appellant as a sexual offender. I believe the majority looked primarily towards the horrific circumstances surrounding appellant's offenses and failed to ensure the state met its burden to demonstrate, by clear and convincing evidence, that appellant wascurrently likely to reoffend.
 {¶ 38} "Instead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually-oriented offenses."Eppinger at 166. This court has held that while the conduct for which a defendant is imprisoned may be reprehensible, the record must show that a defendant is currently likely to engage in one or more sexually-oriented offenses in the future for that defendant to be adjudicated a sexual predator. State v. Moore,
11th Dist. No. 98-L-250, 2001-Ohio-4296, 2001 Ohio App. LEXIS 4450, at 10. Further, when a defendant's risk for repeated sexual violence appears to be low, it does not constitute clear and convincing evidence that a defendant is likely to engage in one or more sexually-oriented offenses in the future. State v.Worthy (Nov. 12, 1999), 10th Dist. No. 99AP-260, 1999 Ohio App. LEXIS 5347, at 8.
 {¶ 39} Appellant put forth evidence that he had completed various courses in prison, including two sexual offender programs, and these pointed towards his rehabilitation. Appellant also put forth evidence demonstrating that he had an approximate 3.7 percent likelihood to commit one or more sex-related offenses within the ten years following his release. Meanwhile, the state failed to put forth any evidence that appellant was currently
likely to reoffend. Thus, the state failed to meet its burden to demonstrate, by clear and convincing evidence, that appellant was likely to reoffend. Appellant's first assignment of error has merit, and judgment in favor of the state should be reversed.