OPINION
{¶ 1} Appellant, Brian Clingerman, appeals from a judgment entry of the Trumbull County Court of Common Pleas, adjudicating him as a sexual predator pursuant to R.C. Chapter 2950 and denying his motion to dismiss. For the reasons that follow, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded.
 {¶ 2} On July 6, 1995, appellant was indicted by the Trumbull County Grand Jury on the following counts: (1) aggravated rape, in violation of R.C. 2907.02(A)(2), a first degree felony; (2) aggravated rape, in violation of R.C. 2907.02(A)(2), a first degree felony; (3) aggravated kidnapping, in violation of R.C. 2905.01(A)(2), a first degree felony; (4) aggravated burglary, in violation of R.C. 2911.11(A)(3), a first degree felony; and (5) aggravated robbery, in violation of R.C. 2911.02, a second degree felony.
 {¶ 3} On March 14, 1996, appellant pleaded guilty to an amended indictment. Specifically, appellant pleaded guilty to two counts of aggravated rape. The court accepted appellant's guilty plea, convicted him on the two counts of aggravated rape, and nolled the remaining counts of the original indictment. The court then sentenced appellant to an indeterminate prison term of six to twenty-five years on each aggravated rape count, with consecutive prison terms of six years of actual incarceration on each count.
 {¶ 4} While appellant was serving his prison term, the Ohio Department of Corrections notified and recommended to the trial court that appellant be classified a sexual predator. As a result, the court initiated sexual offender classification proceedings under R.C. Chapter 2950. Appellant moved to dismiss the sexual offender classification proceedings, based upon various arguments challenging the constitutionality of R.C. Chapter 2950.
 {¶ 5} On November 25, 2003, the court conducted a sexual offender classification hearing. The state provided the court with various documents to assist the court with its determination. The evidence established that appellant was twenty-four years old when he committed two separate rapes against two separate victims. During the commission of each rape, appellant broke into the victims' residence at night and, with violence and force, raped each victim. In particular, prior to raping the victims, appellant punched and hit each victim's face, and choked a victim. Additional evidence revealed appellant's extensive criminal history.
 {¶ 6} Based upon the evidence presented, the court issued a judgment entry denying the motion to dismiss and adjudicating appellant as a sexual predator. In doing so, the court addressed the relevant statutory factors of R.C. 2950.09(B)(3)(a)-(j) and determined there was a "possibility" appellant would commit a future sexual offense.
 {¶ 7} From this judgment, appellant filed a timely notice of appeal and now sets forth the following six assignments of error for our consideration:
 {¶ 8} "[1.] The appellant's classification as a `sexual predator' is against the manifest weight of the evidence.
 {¶ 9} "[2.] H.B. 180 violates the equal protection clause of theFourteenth Amendment to the United States Constitution."
 {¶ 10} "[3.] Application of the `clear and convincing evidence' standard in H.B. 180 violates equal protection, guaranteed by theFourteenth Amendment to the United States Constitution, and Due Process, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.
 {¶ 11} "[4.] H.B. 180 is void for vagueness since it compels a court to make a preponderance determination based upon clear and convincing evidence.
 {¶ 12} "[5.] H.B. 180 is an unconstitutional bill of attainder.
 {¶ 13} "[6.] H.B. 180, as applied to appellant, constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution."
 {¶ 14} R.C. 2950.01(E)(1) defines a sexual predator as a person who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." (Emphasis added.) In applying the sexual predator definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also,State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247.
 {¶ 15} To assist a trial court in determining the second prong of the sexual predator definition, specifically, whether appellant is likely to engage in the future in one or more sexually oriented offenses, R.C. 2950.09(B)(3)(a)-(j) sets forth a list of nonexclusive factors that the court must consider. Here, the court noted that appellant had pleaded guilty to a sexually oriented offense as defined by R.C. Chapter 2950. The trial court then proceeded to the second prong of its sexual predator classification and provided its analysis of the requisite factors under R.C. 2950.09(B)(3). Based upon this analysis, the court found "there is apossibility that [appellant] would continue to commit like acts when released." (Emphasis added.)
 {¶ 16} Appellant argues that the court erred by merely finding that there was a "possibility" he would re-offend, rather than finding he would "likely re-offend." Thus, appellant concludes that because the court failed to expressly find he would "likely re-offend," the court's sexual predator adjudication was against the manifest weight of the evidence.
 {¶ 17} This court was previously confronted with the issue of the trial court's use of alternative language and failure to expressly state that the defendant was "likely to reoffend." State v. Martin, 11th Dist. No. 2002-P-0078, 2003-Ohio-6410. In Martin, the trial court found, "there is a likelihood that [defendant] could engage in future sexually oriented offenses." (Emphasis sic.) Id. at ¶ 13. We concluded that the court's finding that the defendant could reoffend was insufficient, as a matter of law, to support a sexual predator adjudication. Id. Specifically, we stated:
 {¶ 18} "R.C. 2950.01(E) requires that the trial court find that the offender is `likely to engage in the future in one or more sexually oriented offenses.' The use of the words `likely to' connotes more thanthe mere possibility as does the use of the word `could.' It is not enough that the trial court find that the offender could engage in such conduct. The court must find by clear and convincing evidence that it is likely that the offender will engage in such conduct." (Emphasis added.) Id.
 {¶ 19} Accordingly, in this case, the trial court's finding that there is a "possibility" appellant would reoffend does not satisfy the required finding that he was "likely" to reoffend. As a matter of law, the court failed to support its sexual predator adjudication with clear and convincing evidence that appellant was likely to reoffend. See, e.g.,Martin at ¶ 13.
 {¶ 20} The state counters by citing to our decision in State v.Naples, 11th Dist. No. 2000-T-0122, 2001-Ohio-8728, 2001 Ohio App. LEXIS 5639. In Naples, the trial court determined that "the chances of recidivism is [sic] great." Id. at 6. The defendant argued that the court's use of this language established its failure to find he was likely to reoffend. We stated, "[t]his argument relies on mere semantics. When coupled with the court's finding that appellant is a sexual predator, the finding that the chances of recidivism are great is tantamount to finding that appellant is likely to reoffend." Id.
 {¶ 21} The instant case is distinguishable from Naples. UnlikeNaples, the court's finding that there was a "possibility" appellant would reoffend is not equivalent to a finding that appellant was "likely" to reoffend. In this respect, the case sub judice is more analogous toMartin than it is to Naples.
 {¶ 22} The trial court's failure to find that appellant was likely to reoffend precluded it from adjudicating appellant as a sexual predator. To the limited extent indicated, appellant's first assignment of error is with merit.
 {¶ 23} Appellant's second, third, fourth, fifth, and sixth assignments of error present various arguments challenging the constitutionality of R.C. Chapter 2950. Appellant's assignments of error encompass the following: (1) that H.B. 180 violates the equal protection clause; (2) that application of the clear and convincing evidence standard violates equal protection and due process; (3) that H.B. 180 is void for vagueness; (4) that H.B. 180 is an unconstitutional bill of attainder; and (5) that H.B. 180, as applied to appellant, constitutes double jeopardy.
 {¶ 24} Appellant concedes that the Ohio Supreme Court, and this court, have addressed each of these constitutional arguments and determined each to be without merit. State v. Williams, 88 Ohio St.3d 513,2000-Ohio-428; State v. Lockney, 11th Dist. No. 2002-T-107, 2004-Ohio-1846, at ¶¶ 21-24. Nevertheless, appellant presents these contentions to preserve the constitutional issues for review by federal court.
 {¶ 25} Based upon the binding precedent of Williams, the trial court did not err by denying appellant's motion to dismiss, and appellant's second, third, fourth, fifth, and sixth assignments of error are without merit.
 {¶ 26} Appellant's first assignment of error is with merit, to the limited extent indicated, regarding the court's sexual predator classification. But appellant's second, third, fourth, fifth, and sixth assignments of error are without merit. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded for a new hearing consistent with our opinion.
Ford, P.J., O'Neill, J., concur.