OPINION
{¶ 1} Defendant-appellant, Michael Matusky, aka Carnes, appeals the decision of the Trumbull County Court of Common Pleas, classifying him as a "sexual predator" pursuant to R.C. 2950.09. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On January 4, 1993, Matusky was indicted on four counts of Rape, felonies of the first degree (at that time, a "life" offense) in violation of *Page 2 
R.C. 2907.02(A)(1)(b) ("[t]he other person is less than thirteen years of age") and (2) ("the offender purposely compels the other person to submit by force or threat of force"), and two counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4) ("[t]he other person * * * is less than thirteen years of age"). The victim was Matusky's male cousin, approximately nine years old at the time of the offenses.
 {¶ 3} On March 30, 1993, Matusky pled guilty the first two counts of an amended indictment, for Attempted Rape, felonies of the second degree in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b). On motion of the State, the trial court entered a nolle prosequi on the remaining counts of the indictment.
 {¶ 4} On July 7, 1993, the trial court ordered Matusky to be imprisoned for an indeterminate period of eight to fifteen years on the first count, and four to fifteen years on the second count, to be served consecutively to the sentence on the first count.
 {¶ 5} On January 11, 2006, the State filed a Motion for Sexual Predator Hearing to determine Matusky's sexual offender classification.
 {¶ 6} On April 14, 2006, a hearing was held on the State's motion. The parties presented no witnesses, but agreed to the submission of the following evidence: (1) a certified copy of the Finding on Guilty Plea to the Amended Indictment; (2) a certified Entry on Sentence; (3) the transcript of the change of plea hearing; (4) the transcript of the sentencing hearing; (5) a sexual predator evaluation performed by the State's expert, Jeff Rindsberg, Psy.D.; and (6) a sexual predator evaluation performed by Matusky's expert, Jeffrey Bogniard, M.Ed., LPCC. At the *Page 3 
conclusion of the hearing, the trial court entered judgment classifying Matusky as a sexual predator.
 {¶ 7} Matusky timely appeals and raises the following assignment of error: "The appellant's classification as a `sexual predator' is against the manifest weight of the evidence."
 {¶ 8} Any "person who is convicted of or pleads guilty to * * * a sexually oriented offense may be classified as a sexual predator." R.C. 2950.09(A). Attempted Rape is a sexually oriented offense. R.C. 2950.01(D)(1)(a) and (g). A "sexual predator" is defined as a "person [who] has been convicted of or pled guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1).
 {¶ 9} Attempted Rape is not a "registration-exempt sexually oriented offense." R.C. 2950.01 (Q)(1) and (P)(1).
 {¶ 10} "In making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: (a) The offender's age * * *; (b) The offender's * * * prior criminal * * * record * * *; (c) The age of the victim * * *; (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim * * * or to prevent the victim from resisting; (f) If the offender * * * has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act * * *; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the *Page 4 
offender's * * * sexual conduct * * * and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." R.C.2950.09(B)(3).
 {¶ 11} "A trial court may find an offender to be a sexual predator `even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense.'" State v. Randall (2001),141 Ohio App.3d 160, 166 (emphasis added), citing State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 Ohio App. LEXIS 371, at *7 (emphasis sic).
 {¶ 12} The trial court "shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator." R.C. 2950.09(B)(4). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} When reviewing a sexual predator classification, the court of appeals applies the manifest weight of the evidence standard. State v.Arnold, 11th Dist. No. 2002-L-026, 2003-Ohio-1976, at ¶ 26, citingState v. Cook, 83 Ohio St.3d 404, 426, 1998-Ohio-291. Weight of the evidence involves "the inclination of the greater *Page 5 
amount of credible evidence." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52 (emphasis sic) (citation omitted). Although the weight to be given to the evidence and the credibility of the witnesses is primarily for the trier of fact to determine, State v. Thomas (1982),70 Ohio St.2d 79, at syllabus, when reviewing a manifest weight challenge, the appellate court sits as the "thirteenth juror." Thompkins,78 Ohio St.3d at 387. The reviewing court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *." Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. The reviewing court may only exercise its discretionary power to reverse a judgment as being against the manifest weight of the evidence in exceptional cases. Id.
 {¶ 14} In the present case, the trial court supported its decision to classify Matusky a sexual predator with the following findings. The court noted the age of the victim, Matusky's convictions and sentence, that Matusky has completed his prison sentence, and that Matusky participated in several counseling programs to address his behavior while in prison.
 {¶ 15} The trial court further found: "5. Based upon the stipulated psychological report performed by Defense Expert Dr. Jeffery Bogniard, the Defendant suffers from symptoms of a mental condition, specifically, Schizoid and Avoidance Traits. 6. The nature of the sexual assaults was extremely deviant and cruel. These assaults included forcing the Victim to perform Fellatio on the Defendant and the Defendant forcing the Victim to receive Anal Sex. This was a *Page 6 
same sex assault. 7. The Defendant used both cruelty and threats to facilitate his offenses. Specifically, the Defendant repeatedly punched the Victim and threatened bodily harm if the Victim told anyone. 8. During the Defendant's Predator Evaluations, the Defendant continually sought to minimize his culpability in committing the offense. He sought to minimize the impact on the Victim in this case. He also projects the blame for his actions on to other people. Additionally, the Defendant doesn't appear to show any genuine remorse for his actions. 9. The Sexual Predator evaluation performed by Dr. Jeffery Bogniard, determines that the likelihood that the Defendant will re-offend within the next fifteen years is 17.7%.[1] Dr. Jeffery Bogniard, places the defendant in a moderate-low category with regards to his likelihood of re-offending."
 {¶ 16} Dr. Bogniard's report supports the trial court's findings. Bogniard described Matusky has exhibiting "several cognitive distortions related to his offense. * * * One key cognitive distortion was his minimizing the impact of his offense on both his victim and his own life. When questioned about how he felt about his victim reporting him and having to spend 12 years in prison, he lightly glossed over this aspect and stated that he had forgiven his victim. He stated that he does not see his victim but believes his victim is `still friendly towards me.' * * * [Matusky] states that he believed his victim got attention from a prior sexual assault and was seeking attention in this case, and thus fabricated the story against Mr. Matusky."
 {¶ 17} Bogniard also found Matusky to be "largely in denial regarding his sexual orientation and the impact the sexual orientation had on his offending *Page 7 
behavior. * * * It is the clinical impression of this writer that this is perhaps the most concerning aspect of the case" and "appear[s] to have a significant bearing upon possible re-offending behavior in the future."
 {¶ 18} Bogniard indicated other "key cognitive distortions that are cause for concern" in addition to minimization and denial, such as projection and victim stansing (i.e. portraying himself as the victim). "If [Matusky] is unable to acknowledge and identify thinking errors, he will have difficulty implementing his relapse prevention plan." Bogniard characterized Matusky's current view of relapse prevention as "simplistic." "His general plan is to avoid all contact with children and remain socially isolated. The emotional isolation and insulation is a form of withdrawal and a vehicle for alienating himself from others. * * * At present, he is not identifying any healthy social or emotional outlets. He does admit to being afraid of going back to jail and I believe that this is a prime motivating factor for his current behaviors."
 {¶ 19} Matusky argues the trial court's classification of him as a sexual predator to have been "almost automatic" and based primarily upon his conviction for the underlying offenses. We disagree. Although the trial court cited to the facts of the underlying crime (as the court is entitled to do), the court also pointed to several specific traits identified in Matusky's psychological evaluation, such as minimization and projection, which directly impact the likelihood of recidivism. Contrary to Matusky's position, his classification as a sexual predator was not a "foregone conclusion" resulting solely from his conviction for a sexual offense. *Page 8 
 {¶ 20} Matusky relies on the cases of State v. Krueger (Dec. 19, 2000), 8th Dist. No. 76624, 2000 Ohio App. LEXIS 6022, and State v.Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, for the proposition that a sexual predator classification based solely on the facts of the underlying conviction is against the manifest weight of the evidence. These cases are distinguishable. In the present case, the trial court relied upon the two psychological evaluations as well as the facts of the underlying conviction. See State v. Grandbouche, 11th Dist. No. 2003-G-2543, 2004-Ohio-6940, at ¶¶ 46-50 (similarly distinguishingKrueger and Cathcart).
 {¶ 21} Matusky disputes the trial court's finding that he showed a lack of remorse, since the court also found that Matusky voluntarily engaged in programs to address his conduct. The two findings are not mutually exclusive. As Bogniard noted in his evaluation, the fear of returning to prison is a "prime motivating factor" in Matusky's behavior. Thus, the fact that Matusky participated in programs designed to address his criminal conduct does not compel the conclusion that he did so out of genuine remorse for his crimes. Moreover, both Bogniard and Rindsberg, in their psychological evaluations, reached the same conclusion that Matusky lacks genuine remorse for his conduct.
 {¶ 22} Matusky's counsel argues that Bogniard concluded, in counsel's words, "it was possible, but unlikely" that Matusky would re-offend. This argument mischaracterizes Bognaird's position. Bognaird opined that there was a likelihood of re-offending, albeit a "low likelihood." Bognaird also acknowledged that "[determination of risk of re-offense involves the attempt to accurately predict *Page 9 
unpredictable behavior." Bognaird offered no opinion as to whether Matusky qualified as a sexual predator.
 {¶ 23} In order to properly classify Matusky as sexual predator, the court must find that Matusky "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). This court has stated that "the words `likely to' connote more than the mere possibility." State v. Martin, 11th Dist. No. 2002-P-0078,2003-Ohio-6410, at ¶ 13. The Ohio Supreme Court has stated that "[t]he term `likely' is a weaker one than `reasonably certain'." State v.Holt (1969), 17 Ohio St.2d 81, 85 (citation omitted). The trial court's determination that Matusky is likely to re-offend falls within the parameters of being more than mere possibility and less than reasonable certainty.
 {¶ 24} For the foregoing reasons, Matusky's sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas, determining Matusky to be a sexual predator, is affirmed.
WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur.
[1] According to Matusky's score on the Static-99 Sexual Offender Risk Assessment, his five-year risk f recidivism is 10.2%, ten year is 13.8%, and 15 year is 17.7%. *Page 1