[Cite as *State v. Wright*, 2020-Ohio-5577.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0022** |
| HANDY VERNARD WRIGHT, IV, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 0077.

Judgment: Affirmed.

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215, and *Micah R. Ault*, Special Prosecuting Attorney, Ohio Attorney General's Office, 615 West Superior Avenue, 11th Floor, Cleveland, Ohio 44113 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, Ohio 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}   Appellant, Handy Vernard Wright, IV ("Mr. Wright"), appeals the judgment of the Ashtabula County Court of Common Pleas classifying him as a "sexual predator" pursuant to former R.C. Chapter 2950, which is the sexual offender classification scheme in effect at the time of Mr. Wright's offense in 2007.

{¶2} Mr. Wright argues that the trial court's judgment classifying him as a "sexual predator" was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶3} After a careful review of the record and pertinent law, we find as follows:

{¶4} (1) The trial court's judgment classifying Mr. Wright as a "sexual predator" was supported by sufficient evidence. The trial court's statutory findings were supported by the evidence presented at the classification hearing, which, cumulatively, was sufficient for the state to meet its burden of proof.

{¶5} (2) The trial court's judgment classifying Mr. Wright as a "sexual predator" was not against the manifest weight of the evidence. Mr. Wright has not demonstrated that the trial court clearly lost its way or created a manifest miscarriage of justice in its weighing of the statutory factors.

{¶6} Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

## Substantive and Procedural History

{¶7} In February 2012, the Ashtabula County Grand Jury indicted Mr. Wright on several felony counts relating to an incident in October 2007: one count of rape, a felony of the first degree; four counts of complicity to rape, felonies of the first degree; two counts of complicity to kidnapping, felonies of the first degree; two counts of complicity to felonious assault, felonies of the second degree; one count of complicity to tampering with evidence, a felony third degree; and one count of complicity to aggravated robbery, a felony of the first degree.

{¶8} In October 2013, Mr. Wright entered an oral and written plea of guilty to one count of complicity to rape, a felony of the first degree, pursuant to *North Carolina v.*

2

*Alford*, 400 U.S. 25 (1970).[1]  The trial court sentenced him to a five-year prison term and designated him as Tier III sex offender.

{¶9}   Prior to Mr. Wright's release from prison, the trial court determined that Mr. Wright's classification as a Tier III sex offender was incorrect and that he should have been classified under the law in effect at the time of the offense in 2007.

{¶10}  In August 2018, the trial court held a status hearing, where it appointed counsel for Mr. Wright and ordered the Forensic Psychiatric Center of Northeast Ohio, Inc. (the "Center") to conduct a sex offender evaluation.

{¶11}  In a written report, a licensed social worker from the Center opined that Mr. Wright was in a moderate category of sexual recidivism risk and that a lower sexual offense classification level was appropriate.

{¶12}  Both parties filed pre-hearing briefs.  The state argued that Mr. Wright should be classified as a "sexual predator, which is the highest level of classification.  Mr. Wright argued that he should be classified as a "sexually oriented offender," which is the lowest level.

{¶13}  Following an additional status hearing, the trial court ordered Dr. Jeffrey Rindsberg of The Forensic Group to conduct a second sex offender evaluation.  In his written report, Dr. Rindsberg opined that the risk of future crime by Mr. Wright was high but that the risk of a future sex offense was moderate.

{¶14}  In May 2019, the trial court held a classification hearing.

{¶15}  The parties stipulated to the admissibility and authenticity of the evaluation reports.

---

1.  Under this type of plea, known as an *Alford* plea, a defendant pleads guilty but maintains actual innocence of the charge.  *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶13.

3

{¶16} The state presented the testimony of Detective George Taylor Cleveland ("Det. Cleveland") from the Ashtabula County Sheriff's Office. Det. Cleveland testified that in October 2007, sheriff's deputies were called to a residence in Ashtabula Township for a reported home invasion, robbery, and sexual assault. Deputies arrived and found that the male owner of the home had been stabbed and taken to the hospital and that a female occupant of the home had been sexually assaulted.

{¶17} Based on the victims' statements, the deputies determined that four men entered the home to negotiate a marijuana purchase from the male victim. At some point, the purchase turned into a robbery. One of the men brandished a handgun. The victims were tied up with electrical cords. In an attempt to discover where the money and drugs were hidden inside the home, the male victim was stabbed.

{¶18} During the assault of the male victim, the female victim was taken into a bedroom, stripped of her clothing, forced to perform oral sex on one of the men, vaginally raped by a second man, and digitally raped by a third man. Afterward, one or more of the men poured orange cleaner on her, including in her mouth, down her throat, and on her vaginal area, in an attempt to destroy any DNA evidence.

{¶19} The men also took possession of the victims' identifications and threatened to kill and sexually assault their family members if they called or cooperated with police.

{¶20} After the men left the residence, the victims gave physical descriptions of the four men to the deputies. The individual that vaginally raped the female victim had physical characteristics that matched Mr. Wright.

{¶21} Forensic testing from a cigarette butt located inside the home pointed to the DNA of Mr. Wright. The DNA was later confirmed when to compared to Mr. Wright's actual DNA.

4

{¶22} Mr. Wright was eventually arrested. In a statement to Det. Cleveland, he admitted to raping the female victim but said he did so because he feared for his life from his co-conspirators. According to Det. Cleveland, the investigation did not uncover any evidence supporting Mr. Wright's assertion.

{¶23} Det. Cleveland also testified regarding Mr. Wright's "extensive" criminal history, which included numerous arrests and convictions and prior prison sentences. His testimony also indicated that at the time of the incident, Mr. Wright was 33 years old and the female victim was 22 and at the time of the classification hearing, Mr. Wright was 44.

{¶24} Det. Cleveland also identified several exhibits, including the sheriff office's investigative reports, the female victim's written statement, a narrative summary of his interview with Mr. Wright, an Ohio Law Enforcement Gateway report, and a criminal history report.

{¶25} Following the hearing, the parties filed supplemental briefs.

{¶26} The trial court subsequently issued a judgment entry in which it reviewed the evidence, discussed the statutory factors under R.C. 2950.09(B)(3), and found by clear and convincing evidence that Mr. Wright is a "sexual predator."

{¶27} The trial court held a hearing notifying Mr. Wright of his sexual offender registration requirements and issued a judgment entry memorializing the hearing.

{¶28} Mr. Wright appealed and presents the following assignment of error for our review:

{¶29} "The trial court's finding that appellant should be classified as a 'sexual predator' was not supported by sufficient evidence and was against the manifest weight of the evidence."

**Sexual Predator Classification**

{¶30} We begin by setting forth the applicable legal standards regarding a sexual predator classification under prior Ohio law.

{¶31} The prior version of R.C. Chapter 2950 is Ohio's version of "Megan's Law." *State v. Eppinger*, 91 Ohio St.3d 158, 160 (2001).[2] It contains three primary provisions: classification, registration, and community notification. *State v. Cook*, 83 Ohio St.3d 404, 407 (1998).

{¶32} At the time Mr. Wright committed the underlying offense, there were three classifications of sexual offenders: "(1) sexually oriented offenders, (2) habitual sex offenders, and (3) sexual predators." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶12, citing R.C. 2950.01(B), (D), and (E). "To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.'" *Eppinger* at 161, quoting R.C. 2950.01(E). The word "likely" connotes more than a "mere possibility" but less than "reasonably certain." (Citations omitted.) *See State v. Carnes*, 11th Dist. Trumbull No. 2006-T-005, 2007-Ohio-2166, ¶23.

{¶33} R.C. 2950.09(B)(3) "lists ten factors for a court to consider in determining whether a sexual offender is a sexual predator." *Wilson* at ¶19. "The factors include (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) whether there were multiple victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed

---

2. The first Megan's Law was enacted in 1994 in New Jersey in response to the rape and murder of seven-year-old Megan Kanka by a convicted sex offender. *Eppinger* at 160; *Cook* at 405.

his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) whether the offender has a mental illness or disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other 'behavioral characteristics' that contribute to the offender's actions." *Id.* at ¶19, fn. 1, citing R.C. 2950.09(B)(3)(a) through (j).

{¶34} "The state must prove that an offender is a sexual predator by clear and convincing evidence." *Id.* at ¶20, citing R.C. 2950.09(B)(4). "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "To meet the clear-and-convincing standard requires a higher degree of proof than 'a preponderance of the evidence,' but less than 'evidence beyond a reasonable doubt.'" *Id.*, quoting *State v. Ingram*, 82 Ohio App.3d 341, 346 (2d Dist.1992).

{¶35} In the present case, Mr. Wright does not dispute that he pleaded guilty to a sexually oriented offense. Therefore, the issue on appeal is whether the trial court properly determined he was likely to engage in one or more sexually oriented offenses in the future.

### Sufficiency of the Evidence

{¶36} Within his first assignment of error, Mr. Wright contends that the trial court's judgment classifying him as "sexual predator" is not supported by sufficient evidence.

### *Standard of Review*

{¶37} "'Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient

7

to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Black's Law Dictionary* 1433 (6th Ed.1990). "In essence, sufficiency is a test of adequacy." *Id.*

{¶38} In the context of a sexual predator classification, an appellate court must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requirements of the clear and convincing degree of proof necessary for an offender to be determined a sexual predator. *State v. Anderson*, 11th Dist. Geauga No. 2000-G-2316, 2001 WL 1602141, *3 (Dec. 14, 2001).

*Analysis*

{¶39} Mr. Wright emphasizes the fact that the trial court judge who made the classification determination was not the same trial court judge who previously presided over the case. Mr. Wright contends the trial court had "absolutely no personal knowledge of the underlying facts" prior to the classification hearing.

{¶40} We do not find this to be a relevant consideration. Since Mr. Wright had pleaded guilty by way of an *Alford* plea, there was no jury trial establishing the facts underlying Mr. Wright's offense.

{¶41} Further, the Supreme Court of Ohio has held that a trial court's "recollection" of a defendant's offense is insufficient to determine whether that defendant was likely to commit another sexually oriented offense. *Eppinger* at 165. Rather, the determination must be based on the evidentiary record created at the classification hearing, including expert testimony, if appropriate, and on consideration of the statutory factors in R.C. 2950.09(B)(3). *See id.* at 166.

{¶42} Mr. Wright also argues that the evidence presented at the classification hearing does not support the trial court's judgment. Specifically, Mr. Wright states that:

(1) neither psychological evaluation found he was likely to continue to commit sex offenses in the future; (2) his current age lowers his risk of recidivism for sex offenses; (3) he has never committed another sex offense and has never committed an offense involving a sexual motivation; (4) the victim was an adult female; (5) neither drugs nor alcohol were employed to incapacitate the victim; (6) no pattern of abuse was present; (7) he participated in sexual offender programming while incarcerated; and (8) he continues to receive mental health services.

{¶43} Mr. Wright's argument does not acknowledge the evidence and statutory factors upon which the trial court expressly relied in making its determination.

{¶44} This court has held that "[a] trial court may find an offender to be a sexual predator 'even if *only one or two statutory factors are present*, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." (Emphasis sic.) *State v. Randall*, 141 Ohio App.3d 160, 166 (11th Dist.2001), quoting *State v. Clutter*, 4th Dist. Washington No. 99CA19, 2000 WL 134730, *3 (Jan. 28, 2000).

{¶45} Here, the trial court stated that it considered all of the statutory factors and expressly relied on several of them in support of its judgment. Specifically, the trial court found that: (1) Mr. Wright was currently 45 years old;[3] (2) the female victim was 22 at the time of the offense; (3) Mr. Wright has a lengthy criminal record, including multiple felony convictions and prison sentences; (4) the female victim was subjected to sexual offenses by multiple perpetrators, including Mr. Wright, while her hands were tied and a knife was held to her neck; (5) the female victim was subjected to prolonged cruelty and threats

---

3. Mr. Wright had turned 45 prior to the trial court's issuance of its judgment entry.

9

while being physically abused, with Mr. Wright and the others threatening to kill her and her family; (6) the crime was particularly horrific and egregious, involving a violent, forceful rape by Mr. Wright and others while the female victim was bound and the pouring of cleaning solution on the female victim to hinder the collection of evidence; and (7) Mr. Wright has put the majority of the blame on the other perpetrators of the sexual assault.

{¶46} The trial court's findings are supported by the evidence presented at the classification hearing; namely, Det. Cleveland's testimony and the documentary exhibits. Thus, the state presented sufficient cumulative evidence to meet its burden of proof. *See Anderson*, *supra*, at *4.

{¶47} Accordingly, the trial court's judgment classifying Mr. Wright as a "sexual predator" was supported by sufficient evidence.

### Manifest Weight of the Evidence

{¶48} Within his first assignment of error, Mr. Wright also contends that the trial court's judgment classifying him as "sexual predator" is against the manifest weight of the evidence.

### *Standard of Review*

{¶49} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *Wilson* at ¶25, citing *Thompkins* at 386-87. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered." *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).

10

{¶50} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *Martin* at 175.

### *Psychological Evaluation Findings*

{¶51} Mr. Wright contends that several factors do not support the trial court's judgment.

{¶52} First, Mr. Wright asserts that the two psychological evaluations did not find that he was likely to commit future sexual offenses.

{¶53} The trial court acknowledged the evaluations' findings but stated it had "significant concerns" with Mr. Wright being classified at the lowest level as a sexually oriented offender. Thus, the trial court essentially found that other relevant factors outweighed the psychological findings.

{¶54} The Supreme Court of Ohio has held that "a court has discretion to determine what weight, if any, it will assign to each factor." *Wilson* at ¶19, citing *State v. Thompson*, 92 Ohio St.3d 584 (2001), paragraph one of the syllabus. "[A] trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case." *State v. Wade,* 11th Dist. Trumbull No. 99-T-0061, 2001 WL 20799, *3 (Dec. 19, 2000), citing *State v. Bradley*, 2d Dist. Montgomery Nos. 16662 & 16664, 1998 WL 321306, *5 (June 19, 1998).

{¶55} In addition, this court has held that "the opinion that an offender demonstrates a low to moderate risk of sexual recidivism is not determinative of the issue

11

of whether he may be classified a sexual predator." *State v. Bagnall*, 11th Dist. Lake No. 2005-L-029, 2006-Ohio-870, ¶16. "Under R.C. Chapter 2950, the trial court has the discretion to assess the significance of a psychological evaluation, including its weight and credibility, and then consider the totality of the circumstances presented in a given case when making its decision." *State v. Krivanek,* 11th Dist. Lake No. 2001-L-030, 2002-Ohio-3963, ¶25, citing *State v. Morrison*, 10th Dist. Franklin No. 01AP-66, 2001 WL 1098086 (Sept. 20, 2001). "[T]here is nothing in R.C. Chapter 2950 * * * that requires the trial court to defer to expert testimony." *Id.* at ¶26.

{¶56} Therefore, the trial court was permitted to weigh the evaluation findings against the surrounding circumstances. *See State v. Grandbouche*, 11th Dist. Geauga No. 2003-G-2543, 2004-Ohio-6940, ¶40.

{¶57} Further, Mr. Wright's description of the evaluation findings is incomplete. The Center's evaluator opined that Mr. Wright was in a moderate category of sexual recidivism risk but noted that Mr. Wright has a "lengthy criminal history"; a "history of antisocial behavior and associations"; a "past inability to sustain a prosocial life in the community"; and "a history of substance abuse that is clearly enmeshed with his criminal history." Similarly, Dr. Rindsberg opined that Mr. Wright was in a moderate risk of future sex offenses but a high risk of future crime due to his "antisocial makeup" and "extensive criminality." And as indicated, Mr. Wright committed the underlying sex offense in the context of other nonsexual criminal acts, i.e., a drug transaction and robbery.

{¶58} Thus, when viewed in conjunction with these other facts, Mr. Wright's "moderate" risk of sexual recidivism is not inherently inconsistent with, and may actually support, the trial court's judgment. *See State v. Bielfelt*, 11th Dist. Lake No. 2008-L-050,

2009-Ohio-1144, ¶42; *State v. Burgan,* 11th Dist. Lake No. 2003-L-132, 2004-Ohio-6185, ¶28.

### Mr. Wright's Current Age

{¶59} Second, Mr. Wright asserts that his current age lowers his risk of recidivism for sexual offenses.

{¶60} The trial court listed Mr. Wright's current age as a factor supporting its judgment.

{¶61} While the offender's age is a relevant factor under R.C. 2950.09(B)(3)(a), the statute does not specify how it relates to the likelihood of an offender's recidivism. The Center's evaluation indicated that Mr. Wright's age places him at the start of a period when sexual re-offense begins to decline.

{¶62} However, the evidence indicates Mr. Wright was 33 years old at the time of the offense, which was already a mature age. *See State v. Arnold*, 11th Dist. Lake No. 2002-L-026, 2003-Ohio-1976, ¶28 (where the trial found that the offender's age of 39 was "a mature age where [he] should have exercised better judgment"). Therefore, Mr. Wright's current age does not weigh heavily against, and may actually support, the trial court's judgment.

### Mr. Wright's Criminal Record

{¶63} Third, Mr. Wright states that he has never committed any other sexual offense and has never committed an offense which involved a sexual motivation. *See* R.C. 2950.09(B)(3)(b).

{¶64} The trial court acknowledged Mr. Wright's lack of other sex offenses but emphasized his lengthy criminal record that includes multiple felony convictions and past prison sentences.

13

**{¶65}** R.C. 2950.09(B)(3)(b) states that the trial court shall consider "the offender's * * *prior criminal * * * record regarding *all offenses*, including, but not limited to, all sexual offenses." (Emphasis added.) Thus, a trial court's consideration is not limited to prior sex offenses. *See Arnold* at ¶28.

**{¶66}** Further, this court has recognized that an "extensive prior criminal record shows * * * continuous disregard for the law and supports a likelihood to engage in the future in such offenses." *Id.* at ¶28.

**{¶67}** As indicated, Mr. Wright committed the underlying sex offense in the context of other nonsexual crimes and possesses many risk factors associated with the commission of future criminal offenses. Therefore, Mr. Wright's lack of prior sex offenses does not weigh heavily against the trial court's judgment.

### Mr. Wright's Conduct

**{¶68}** Fourth, Mr. Wright notes that the female victim was an adult; no drugs or alcohol were employed to incapacitate the victim; and no pattern of abuse was present. *See* R.C. 2950.09(B)(3)(c), (e), and (h).

**{¶69}** However, the trial court emphasized the "horrific" and "egregious" nature of the crime and described how the female victim was subjected to "prolonged cruelty and threats while being physically abused." *See* R.C. 2950.09(B)(3)(h) and (i).

**{¶70}** The Supreme Court of Ohio has recognized that "under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication." *Eppinger* at 167. While it is impermissible to rely solely on the underlying conviction, a court may consider the facts of the underlying conviction as a basis for a sexual predator determination. *State v. Graham,* 11th Dist. Lake No. 2006-

14

L-188, 2007-Ohio-2309, ¶28, citing *State v. Yodice,* 11th Dist. Lake No. 2001-L-155, 2002-Ohio-7344, ¶14.

{¶71} Further, it is appropriate for a trier of fact to look at past behavior at a sexual classification hearing since past behavior is often an important indicator of future conduct. *Anderson* at *4, citing *State v. Ferguson,* 10th Dist. Franklin No. 97APA06-858, 1998 WL 151079, *2 (Mar. 31, 1998).

{¶72} The factors that Mr. Wright identifies do not negate the egregiousness of his conduct and, thus, do not weigh heavily against the trial court's judgment.

### Completion of Sexual Offender Program

{¶73} Finally, Mr. Wright asserts that he participated in a sexual offender program in prison. *See* R.C. 2950.09(B)(3)(f).

{¶74} The trial court found that Mr. Wright "has put the majority of the blame on the other perpetrators involved in the sexual assault of the victim." Thus, it appears the trial court reasonably concluded that Mr. Wright's completion of the program did not weigh heavily in his favor. *See Anderson* at *4 (finding that "the record indicates appellant obtained little benefit from the program, giving his completion of it little weight").

{¶75} In sum, while some evidence may weigh in Mr. Wright's favor, the trial court identified many of the points upon which Mr. Wright relies and concluded he possessed a likely risk to recidivate. Mr. Wright has not demonstrated that the trial court clearly lost its way or created a manifest miscarriage of justice in weighing the statutory factors. Accordingly, the trial court's judgment classifying Mr. Wright as a "sexual predator" was not against the manifest weight of the evidence.

{¶76} Mr. Wright's sole assignment of error is without merit.

15

{¶77} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.